**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Universal Services of America LP, et al., | No. CV-23-00463-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Daniel Mazzon, | |
| Defendant. | |

This case was removed to Federal Court on March 16, 2023. The Notice of Removal states, "Defendant Daniel Mazzon is an individual located in Phoenix, Arizona and is a citizen of the State of Arizona." Doc. 1 at 2 ¶4.

Generally, if any defendant is a citizen of this forum, the case cannot be removed to federal court. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). However, this Court cannot remand a case sua sponte for a non-jurisdictional defect in procedure. *Kelton Arms Condominium Owners, Ass'n, Inc. v. Homestead Insurance Co.*, 346 F.3d 1190, 1191 (9th Cir. 2003). Thus, although this case appears to have been improperly removed to federal court, the Court will wait to learn whether Plaintiffs file a timely motion to remand.

Next, as Doc. 11 indicates, "Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place,*

*L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). Here, the notice of removal failed to plead enough facts to establish federal subject matter jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company); *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (discussing the citizenship of a limited partnership). Further, the corporate disclosure statements also do not fully allege the citizenship of each party. *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 92-93 (2010) (discussing the citizenship of a corporation). The party asserting jurisdiction bears the burden of pleading and proving jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Defendant has failed to carry its burden in this case.

The Court notes that at the time of removal from state court through today, Plaintiffs' motion for a temporary restraining order and preliminary injunction (Doc. 2) was pending. The Court is concerned that Defendant's "errors" with respect to removal procedure and pleading jurisdiction have delayed this case and specifically delayed the resolution of the request for emergency injunctive relief.

Accordingly,

**IT IS ORDERED** that the Court will take no action on the Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) until the deadline for filing a motion to remand expires.

**IT IS FURTHER ORDERED** that, by March 31, 2023, Defendant must file a supplement to the notice of removal fully alleging the citizenship of every party or this case will be remanded for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that there will be NO EXTENSIONS of Defendant's deadline to respond to the motion for temporary restraining order and preliminary injunction.

Dated this 24th day of March, 2023.

James A. Teilborg
Senior United States District Judge