**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Universal Services of America LP, et al., | No. CV-23-00463-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Daniel Mazzon, | |
| Defendant. | |

Pending before the Court is Defendant Daniel Mazzon's ("Defendant") Motion for Attorneys' Fees under Arizona Revised Statutes ("A.R.S.") §§ 12-341, 12-341.01, and 12-349. (Doc. 90). Universal Services of America LP, Universal Protection Service LP, and Universal Building Maintenance LP (collectively, "Plaintiffs") filed a response. (Doc. 93). Defendant filed a reply. (Doc 94). The Court now rules.

**I.    BACKGROUND**

Plaintiffs are three related "security, janitorial, and other building maintenance services" companies: Universal Services of America, LP ("Universal"), Universal Protection Service, LP ("UPS"), and Universal Building Maintenance, LLC ("AUJS"). (Doc. 1-2 p. 15-16). Defendant was employed at AUJS, a "janitorial services company," as a Business Development Manager beginning in May 2016. (Doc. 1-2 p. 16; Doc. 34 p. 2). Defendant filed articles of organization for his new company, Mazzon Industries, effective December 28, 2022. (Doc. 80-6 p. 2). Plaintiffs alleged that Defendant formed Mazzon Industries to compete with AUJS and UPS, used his AUJS-assigned laptop to pitch

services to prospective Mazzon Industries clients, and solicited AUJS clients to stop doing business with AUJS and instead do business with a Mazzon Industries client. (Doc. 1 p.18-23, 25). Defendant resigned from his employment with AUJS on January 4, 2023, effective January 18, 2023; Defendant's last day at work was January 5, 2023. (Doc. 1-2 p. 18).

Plaintiffs filed the instant action in Maricopa County Superior Court, alleging three counts: (1) breach of contract, (2) tortious interference with contract, and (3) breach of the duty of loyalty. (Doc. 1-2). The action was subsequently removed to federal court. (Doc. 1). The Court dismissed Plaintiffs' breach of contract claim, leaving the tortious interference with contract and breach of duty of loyalty claims remaining. (Doc. 32). The Court granted Defendant summary judgment on the tortious interference with contract and breach of duty of loyalty claims. (Doc. 83). Defendant now seeks $64,067.00 in attorneys' fees and $1,481.61 in court costs. (Doc. 90 p. 14).

## II. DISCUSSION

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (citations omitted). Under Arizona law, "[i]n any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). Therefore, to exercise its discretion to award attorneys' fees under this statute, the Court must find that this action arose out of contract, that Defendant is the "successful" or prevailing party, that an award of attorneys' fees is appropriate, and that the requested fees are reasonable. *See Lexington Ins. Co. v. Scott Homes Multifamily Inc.*, No. CV-12-02119-PHX-JAT, 2016 WL 5118316, at *2 (D. Ariz. 2016).

Here, the parties do not dispute that this case arises out of a contract.[1] The parties also do not dispute that Defendant is the successful party. As such, the Court must decide whether an award of attorneys' fees is appropriate and whether the requested fees are reasonable.

---

[1] The Court dismissed Plaintiffs' breach of contract claim. (Doc. 32). However, because Plaintiffs do not dispute Defendant's assertion that Plaintiffs' remaining claims for tortious interference and breach of duty of loyalty arose out of "Defendant's employment contract with Plaintiffs," (Doc. 90 p. 7), the Court deems Plaintiffs to have waived this argument.

### a. Discretion in Awarding Attorneys' Fees

In determining whether to exercise its discretion to award attorneys' fees under A.R.S. § 12-341.01(A), a court must consider the following six factors: (1) the merits of the unsuccessful parties' claim or defense; (2) whether litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) the novelty of the issues; and (6) whether the award will overly deter others from bringing meritorious suits. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319 (9th Cir. 1997) (citing *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985)). "[T]he weight given to any one factor is within the court's discretion." *Moedt v. Gen. Motors Corp.*, 60 P.3d 240, 245 (Ariz. Ct. App. 2002). Each factor is discussed below.

### i. Whether Plaintiffs' Claims Were Meritorious

The first factor, the merits of the unsuccessful party's claims, weighs in favor of an award of attorneys' fees. Defendant argues that Plaintiffs' claims lacked validity because, despite Plaintiffs having "sole possession, custody[,] and control" of all evidence, "Plaintiffs never produced (1) *a single one of the contracts* discussed;[2] (2) the 'AUJS resources' Defendant purportedly used in breaching his duty of loyalty; or (3) a single piece of evidence they had suffered *any damages* as a result of the matters discussed in their complaint." (Doc. 90 p. 3 (emphasis in original); Doc. 94 p. 4). According to Defendant, "Plaintiffs pursued this litigation out of spite against a former employee, rather than out of any good faith basis." (Doc. 90 p. 10).

In response, Plaintiffs note that "[c]laims can have merit even if they do not ultimately prevail." (Doc. 93 p. 4) (citing *Vera v. Wells Fargo Bank, N.A.,* No. CV-10-01568-PHX-JWS, 2011 WL 2200820, at *1 (D. Ariz. June 7, 2011)). Plaintiffs also note that "[c]laims have merit where, as here, the unsuccessful party relies on relevant case law

---

[2] Plaintiffs did produce "one (1) contract between itself and 'LBA RV-Company,'" but "presented no evidence that the . . . contract had been breached, much less that Defendant was the cause of an such breach." (Doc. 94 p. 4). The contract "was entered into *prior* to Defendant's employment with AUJS and, by its own terms, terminated *during* Defendant's employment with AUJS." (Doc. 94 p. 4) (emphasis in original).

- 3 -

and cites to the record in support of its arguments." (Doc. 93 p. 4) (citing *RSUI Indem. Co. v. Assoc. Elec. & Gas Ins. Servs., Ltd.*, No. CV-05-2962-PHX-JAT, 2008 WL 681837, at *2 (D. Ariz. March 7, 2008). In *RSUI*, the parties presented a "precise issue" never before addressed by an Arizona court. 2008 WL 681837, at *2.

   The Court thinks this case is distinguishable from the cases cited by Plaintiffs. First, the Court cannot say this case presented a precise issue never before addressed by an Arizona court. Second, the Court did not dismiss Plaintiffs' claim for breach of contract "on an esoteric and rarely litigated legal issue." (Doc. 93 p. 6). The Court dismissed the breach of contract claim because the contract Plaintiffs presented gave UPS, not AUJS, "the right to have Defendant refrain from soliciting certain customers." (Doc. 32 p. 7). The Court found that "the language in the agreement [was] not reasonably susceptible to the meaning Plaintiffs propose[d]" and that Plaintiffs' complaint did not plausibly allege that Defendant breached this agreement nor that the agreement was assigned. (Doc. 32 p. 6-7). Finally, in Plaintiffs' response to Defendant's motion for summary judgment, Plaintiffs did not cite to the record in a meaningful way. In fact, for the tortious interference with contract claim, the Court noted that Plaintiffs *did not point to evidence in the record* that established a genuine issue of material fact and that Plaintiffs' response was actually *silent* as to this claim. (Doc. 83 p. 6). Overall, there was "an absence of evidence to support Plaintiffs' tortious interference with contract claim." (Doc. 83 p. 6). On the fiduciary duty of loyalty claim, the Court found that "Plaintiffs [] failed to allege facts or provide any evidence sufficient to establish a genuine issue of material fact as to causation and damages" and therefore failed to establish a prima facie case. (Doc. 83 p. 12).

### ii. Whether the Litigation Could Have Been Avoided or Settled

   The second factor, whether the litigation could have been avoided or settled, weighs in favor of awarding attorneys' fees to Defendant. "This factor looks primarily to whether a non-litigation solution was not pursued that could have solved the problem and whether litigation was not necessary." *11333, Inc. v. Certain Underwriters at Lloyd's, London*, No. CV-14-02001-PHX-NVW, 2018 WL 1570236, at *6 (D. Ariz. Mar. 30, 2018).

Plaintiffs admit "[t]his factor is a close call." (Doc. 93 p. 7). It is undisputed that Defendant "made several settlement offers." (Doc. 90 p. 4; Doc. 93 p. 7). These offers were rejected by Plaintiffs on the basis that Plaintiffs would not agree to a settlement "that involved issuing payment to Defendant." (Doc. 90 p. 4, 10; Doc. 93 p. 7). Nevertheless, Plaintiffs maintain that they "were not fundamentally opposed to the idea of a settlement" so long as the terms did not include "monetary recovery to either party." (Doc. 93 p. 7). It is unclear, then, why Plaintiffs rejected Defendant's first settlement offer in which Defendant offered to "completely forego his reasonably incurred attorneys' fees and not [] solicit AUJS customers for an agreed upon period in exchange for a dismissal." (Doc. 94 p. 5; *see also* Doc. 90 p. 4-5; Doc. 90-1 p. 2-3). Defendant avers that if Plaintiffs had accepted one of the offers, the litigation "would have resolved . . . upon substantially better terms." (Doc. 90 p. 10).

### iii. Whether Assessing Fees Against Plaintiffs Would Cause Extreme Hardship

Defendant points out that Allied Universal, the "parent" company of the three Plaintiff companies, "purports to have approximately $20 billion in revenue along with more than 800,000 employees." (Doc. 90 p. 9). Plaintiffs do not disagree. (Doc. 93 p. 8). This factor weighs in favor of awarding attorneys' fees.

### iv. Whether Defendant Prevailed in Full

Although neither party addresses this factor directly, both parties address it indirectly, and it appears the parties agree Defendant prevailed in full. Under the "merit" factor, Plaintiffs argue their claims had merit "even though defendant prevailed." (Doc. 93 p. 4). Defendant, arguing under an alternative statutory theory, said "Defendant has prevailed in full" because "Plaintiffs were not damaged, Plaintiffs did not present any contracts that were interfered with, Defendant was never associated with Plaintiffs Universal or UPS, and the purported non-compete agreement was ineffective." (Doc. 90 p. 6, 10). The Court finds this factor weighs in favor of awarding attorneys' fees.

### v. Whether the Legal Issues Were Novel

Neither party addresses this factor.[3] As a result, the Court surmises that this factor is neutral.

### vi. Whether an Award Would Discourage Tenable Claims

This factor will weigh against an award of attorney fees if an "award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees." *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 974 n.3 (9th Cir. 2011) (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1049 (Ariz. 1985)).

Defendant claims that denying an award would discourage tenable claims because it would discourage prior employees from taking on businesses "with substantially greater resources" and it would allow businesses to "coerce former employees into illegal or unmerited restrictive covenants because [the employees] cannot afford to fight them." (Doc. 94 p. 6). In response, Plaintiffs argue that a "reflexive" award of attorney's fees would "dissuade . . . smaller companies and individuals with limited financial resources [] from pursuing legitimate suits out of fear that they would owe attorneys' fees to the opposing party if they were ultimately unsuccessful." (Doc. 93 p. 8). Here, the "legitimacy" of Plaintiffs' claims is tarnished by the lack of evidence Plaintiffs provided. Furthermore, under Arizona law, any party litigating an action "arising out of contract" runs the risk that they will not prevail, and the court will then have discretion to award attorneys' fees. The circumstances of this case do not persuade the Court that an award would automatically deter future litigants.

### vii. An Award of Attorneys' Fees is Appropriate

On balance, the relevant six factors support an award of fees to Defendant. As a

---

[3] Under the "merit" factor, Plaintiffs do suggest that their breach of contract claim "helped put a finer point on a novel aspect of Arizona law" "regarding the assignability and enforceability of a restrictive covenant contract between related corporate entities." (Doc. 93 p. 6). However, the Court cannot say that this was an "unanswered question[] concerning Arizona law." *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 791 P.2d 1094, 1099 (Ariz. Ct. App. 1990) (finding a claim novel when it involved "unanswered questions concerning Arizona law"). Additionally, Plaintiffs do not argue their other claims were novel and the Court cannot say they were anything but standard claims.

1 result, the Court will exercise its discretion and award attorneys' fees.

### b. "Reasonableness" of Requested Fees

After concluding that awarding attorneys' fees is appropriate under the factors laid out in *Associated Indemnity*, the court must then decide whether the requested fees are reasonable. *Manone v. Farm Bureau Prop. & Cas. Co.*, No. CV-15-08003-PCT-JAT, 2016 WL 1059539, at *3 (D. Ariz. Mar. 17, 2016). To determine whether the requested attorneys' fees are reasonable, "the Court looks to whether the hourly rate is reasonable and whether the hours expended on the case are reasonable." *Maguire v. Coltrell*, No. CV-14-01255-PHX-DGC, 2015 WL 3999188, at *3 (D. Ariz. July 1, 2015) (citing *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983)).

### i. Reasonable Hourly Rate

To determine reasonable attorneys' fees in commercial litigation, the analysis begins with the actual billing rate that the lawyer charged in the particular matter. *See Schweiger*, 673 P.2d at 931. "The best indicator of a reasonable hourly rate for a fee-paying client is the rate charged by the lawyer to the client." *Jackson v. Wells Fargo Bank, N.A.*, No. CV-13-00617-PHX-SPL, 2015 WL 13567069 at *2 (D. Ariz. Oct. 23, 2015) (citing *Schweiger*, 673 P.2d at 931-32).

Defendant submitted an Affidavit of Justin Fouts, primary counsel, (Doc. 90-1 p. 17-20), and a copy of the Hourly Fee Agreement indicating the agreed upon hourly billing rate between the firm and the Defendant for services performed. (Doc. 90-1 p. 22-26.). Mr. Fouts is a senior associate attorney with six years of experience. (Doc. 90-1 p. 17). He "was advised and supervised by partners Mark Horne and David Degnan – each of whom has been licensed to practice law for over a decade – and assisted by law clerks, paralegals, and legal assistants where appropriate." (Doc. 90 p. 13). Mr. Fouts' standard billing rate "progressively increased" from $325/hour at the start of litigation to $375/hour at the end. (Doc. 90-1 p. 18). Mr. Horne's standard billing rate also increased from $400/hour at the start of litigation to $425/hour at the end. (Doc. 90-1 p. 19). Mr. Degnan's billing rate was $500/hour throughout litigation. (Doc. 90-1 p. 19). Generally, associates billed between

$285 and $325 per hour, while law clerks billed at $250/hour, and paralegals billed between $195 and $225 per hour. (Doc. 90-1 p. 19). Mr. Fouts stated that the agreed upon billing rates are reasonable given the nature of the action and the skill and experience of the professionals involved. (Doc. 90-1 p. 18-19). Plaintiffs do not assert that these hourly rates are unreasonable. Accordingly, the Court concludes that the hourly rates charged by counsel and staff are reasonable.

### ii. Hours Reasonably Expended

Generally, the prevailing party is "entitled to recover a reasonable attorneys' fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Schweiger*, 673 P.2d at 931-32 (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). The party opposing the fee award "must provide specific references to the record and specify which amount of items are excessive." *In re Indenture of Tr. Dated Jan. 13, 1964*, 326 P.3d 307, 319-20 (Ariz. Ct. App. 2014). An award may be reduced for hours not "reasonably expended." *Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV-11-0965-PHX-JAT, 2012 WL 2798653, at *6 (D. Ariz. July 9, 2012).

Defendant provided a task-based, itemized statement of time expended and expenses incurred, which demonstrates that counsel and other professionals spent 253.2 hours on this case from March 1, 2023 to June 5, 2024. (Doc. 90-1 p. 28-80). Plaintiffs object that 64.30 hours of Defendant's entries—totaling $14,908.00—are unreasonable based on "block-billing/vagueness," "clerical/administrative/secretarial tasks," and "time spent talking with coworkers" and should therefore not be reimbursed.[4] (Doc. 93-1 p. 1-25). These objections are considered in turn.

### 1. Block-Billing and/or Vagueness

Plaintiffs contend that 47 of Defendant's entries constitute impermissible block-

---

[4] Plaintiffs also object to the time entry for the initial consultation on the basis that it was an initial case consultation. (Doc 93-1 p. 1). However, "[p]re-complaint work is considered part of the process of litigation and can be included in an award for fees." *Travelers Indem. Co. v. Crown Corr, Inc.*, No. CV-11-0965-PHX-JAT, 2012 WL 2798653 (D. Ariz. 2012), *aff'd on other grounds*, 589 F. App'x 828 (9th Cir. 2014) (citing *Pioneer Roofing Co. v. Mardian Constr. Co.*, 733 P.2d 652, 665 (Ariz. Ct. App. 1986)).

billing. (Doc. 93 p. 9-10). Block-billing is the practice of "lump[ing] together multiple tasks" within a billing statement, such that it is "impossible to evaluate their reasonableness." *Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007) (citation omitted). Block-billing is discouraged in Arizona. *Starr Pass Resort Devs., LLC v. Pima Cnty.*, 550 P.3d 1111, 1122-23 (Ariz. Ct. App. 2024). However, "a court does not abuse its discretion by awarding attorney fees that have been block-billed." *Id*. Similarly, federal courts "have disapproved this type of 'block-billing' and reduced fee requests accordingly." *See In re Guardianship of Sleeth*, 244 P.3d 1169, 1176 (Ariz. Ct. App. 2010). Federal courts generally will not reduce a fee amount "despite the presence of block-billing where the billing is for 'closely related tasks, each covering no more than a few hours.'" *Advanced Reimbursement Sols. LLC v. Spring Excellence Surgical Hosp. LLC*, No. CV-17-01688-PHX-DWL, 2020 WL 2768699, at *6 (D. Ariz. May 28, 2020); *see also Joshua David Mellberg, LLC v. Will,* No. CV-14-2025-TUC-CKJ, 2021 WL 1118029 (D. Ariz. Mar. 24, 2021), *amended on denial of reconsideration*, No. CV-14-2025-TUC-CKJ, 2022 WL 971610 (D. Ariz. 2022) (finding block billing only for time entries of 1.40 hours and higher).

The Court has carefully reviewed the itemized block-billing objections to Defendant's requested fees. Over half of Plaintiffs' objections are to entries of one hour or less.[5] Upon review, those entries do not constitute impermissible block billing because they bill for closely related tasks, each covering no more than one hour. The entries that Plaintiffs objected to that were over one hour are also not impermissible block billing because those entries list different parts of the same task and the Court can still ascertain the reasonableness of the fees. For example, the highest entry Plaintiffs objected to on the grounds of impermissible block billing was for 2.3 hours. The description reads: "Review, edit and finalize Motion to Dismiss from Justin; legal research in connection with the same." (Doc. 93-1 p. 4). This entry merely lists different parts of the same task: preparing

---

[5] According to Defendant, 26 of the 47 entries objected to on a block billing basis were "for time entries of .3 [hours] or less," and eight entries were "for time entries of .1 [hours] – the lowest possible increment for counsel to bill." (Doc. 94 p. 8).

the Motion to Dismiss. 2.3 hours to do so is reasonable. Accordingly, the Court, in its discretion, will not reduce the fee amount for entries based on the objection of block billing.

### 2. Clerical, Administrative, and/or Secretarial Tasks

Plaintiffs object that 97 of Defendant's entries describe clerical or secretarial work which should not be reimbursed. (Doc. 93 p. 10-12). The Court agrees that clerical and secretarial tasks are not recoverable. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [] attorney's fees for purely clerical tasks"); *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (holding that clerical tasks "should have been subsumed in firm overhead rather than billed at paralegal rates"); *Pearson v. Nat'l Credit Sys., Inc.*, No. CV-10-0526-PHX-MHM, 2010 WL 5146805, at *3 (D. Ariz. Dec. 13, 2010) ("[T]asks which are clerical in nature are not recoverable."). Examples of clerical or secretarial tasks include[6] "filing documents and preparing and serving summons," *Neil*, 495 F. App'x at 847, "filing, transcript, and document organization," *Nadarajah*, 569 F.3d at 921, and "scheduling, calendaring activities, and bates labeling documents." *Scottsdale Gas Co. LLC, Plaintiff, v. Tesoro Ref. & Mktg. Co. LLC, Defendant.*, No. CV-19-05291-PHX-SPL, 2021 WL 2895501, at *5 (D. Ariz. July 9, 2021) (quoting *eMove Inc. v. SMD Software Inc.*, 2012 WL 4856276, at *7 (D. Ariz. Oct. 11, 2012), *aff'd*, 569 F. App'x 527 (9th Cir. 2014)).[7] Tasks "involv[ing] some legal skill as well as clerical skill" may be compensable. *Quade ex rel. Quade v. Barnhart*, 570 F. Supp. 2d 1164, 1167 (D. Ariz. 2008). If a court finds "clerical tasks [were] billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah*, 569 F.3d at 921.

The Court agrees that some of Defendant's time entries are for clerical tasks such as calendaring, scheduling, and bates labeling documents. Tasks that included a clerical

---

[6] Plaintiffs made no attempt to define "clerical" or "secretarial" tasks.
[7] The Court finds a distinction between "filing documents" and filing a document *with the court*. The latter involves legal skill *and* clerical skill and the Court may compensate Defendant for filing documents with the court.

- 10 -

task and were block-billed with a task that involved legal skill were reduced by .1 hours as it is difficult to tell how long the clerical task took based on block-billing.[8] *See Moon v. Am. Family Mut. Ins.*, No. CV-18-00524-PHX-JAT, 2018 WL 3729762, at *3 (D. Ariz. Aug. 6, 2018) (noting the discretion of the court to reduce block-billed hours to account for non-compensable activities). The Court itemized its reductions to Defendant's fee award in the spreadsheet attached to this Order in Appendix A.

Many of the other objected-to tasks included sufficient legal skill to constitute legal work—not purely clerical work. The Court will not reduce the fees billed for those tasks. For instance, some of Plaintiffs' objections concern time spent reviewing court orders and motions, but review of legal documents requires legal skill. Similarly, drafting a legal document, even if perfunctory, involves at least some legal skill, and is thus compensable as well. *See Silva v. Colvin*, No. EDCV 15-00154-DTB, 2016 WL 11520700, at *4 (C.D. Cal. Aug. 12, 2016); *Quade*, 570 F. Supp. 2d at 1167-68. Review and revision of documents that will be filed with the Court are also not purely clerical tasks. *Royal All. Assocs. v. Mora*, No. 15-cv-03706-JST, 2016 WL 3346521, at *3 (N.D. Cal. June 16, 2016). Finally, communication with one's client is compensable as it is an ethical obligation to "keep[] the client reasonably informed about the status of the matter and explain[] the matter to the extent reasonably necessary to permit the client to make informed decisions." *Quade*, 570 F. Supp. 2d at 1167 (citation omitted); *see also* Ariz. Sup. Ct. R. 42, Ethical Rule 1.2; Ariz. Sup. Ct. R. 42, Ethical Rule 1.4.

### 3. Time Spent Talking With Coworkers

Plaintiffs object that over 100 of Defendant's entries include "time spent talking with coworkers" which should not be reimbursed. (Doc. 93 p. 12-13). Though Plaintiff cited cases to support this proposition, none of those cases applied Arizona law. The most persuasive case cited, and the case addressed by Defendant, is *McNamara v. Infusion Software, Inc.*, No. CV-17-04026-PHX-SPL, 2020 WL 4921984 (D. Ariz. Aug. 21, 2020). Plaintiffs read this case as "recognizing that the court can reduce a requested fee award for

---

[8] Calendaring was listed as .1 hours in time entries where Defendant broke down the time entry into smaller units in the description.

- 11 -

internal conferences." (Doc. 93 p. 12). Defendant responded that the disputed time entries "related to the delegation of work, strategizing the next steps, and ensuring all actions were completed timely and in a cost efficient manner." (Doc. 94 p. 10).

In *McNamara*, the disputed time entries were those "where several timekeepers billed for the same internal meeting" or "where only one timekeeper billed for an internal meeting" but that meeting was allegedly unnecessary. 2020 WL 4921984, at *4. In response, counsel said their practice was to "bill for conferences among timekeepers only if the conference is necessary for the delegation of work that can be more economically done for the client by a lower-cost timekeeper." *Id.* The court did not find any of the entries "to be unnecessary or duplicative" because the entries reflected a need "to delegate work to save money to their clients." *Id.*

The Court reviewed the time entries identified by Plaintiffs as "time spent talking with coworkers" and finds that the entries are appropriate.[9] Plaintiffs objected to time entries where a partner met with a paralegal, others where a partner met with a senior associate, and others where a senior associate met with a paralegal. These are clearly the types of conferences referenced in *McNamara*: those "necessary for the delegation of work that can be more economically done for the client by a lower-cost timekeeper." 2020 WL 4921984, at *4. All time entries included a description of the topic of communication in accordance with the local rules. For most intra-office communications, only one party billed time. Notably, nearly every time that a paralegal met with either a partner or a senior associate, only the paralegal billed time, resulting in the lower cost considered by *McNamara*. Puzzlingly, Plaintiffs also objected to some entries that did not involve communication on the basis that it was "time spent talking with coworkers." *See, e.g.,* Doc 93-1 p. 4 ("Review, edit and finalize Motion to Dismiss from Justin; legal research in connection with same"). The Court found one instance where two timekeepers billed different hours for what was readily identifiable as the same conference. (Doc. 93-1 p. 1).

---

[9] The Court already reviewed many of the same time entries based on Plaintiffs' "clerical task" objection. Where the internal communications related to scheduling, the Court reduced the requested fees accordingly.

1  In that instance, the Court reduced the higher entry (.2 hours) to match the lower amount
2  of time (.1 hours). This reduction is reflected in the spreadsheet included in Appendix A.

### iii. Whether Award Should Be Further Adjusted or Enhanced

Courts may also consider the thirteen factors listed in LRCiv 54.2(c)(3) when determining the reasonableness of an attorneys' fee request. Neither party raises these factors and many of these factors have already been factored into the Court's analysis. Thus, the Court will not sua sponte analyze these factors as a means of adjusting the fee award.

### c. Time Spent Preparing Reply

In the Reply, Defendant requests that the Court award an additional $2,035.50 for the attorneys' fees incurred in preparing the Reply. (Doc. 94 p. 11).

The purpose of A.R.S. § 12-341.01 is "to mitigate the burden of the expense of litigation to establish a just claim or a just defense." A.R.S. § 12-341.01(B). "Including the reasonable time to prepare an attorney's fees application in an award of attorney's fees to the prevailing party furthers the purpose of awarding such fees." *Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005). Under this Court's broad discretion to award attorney's fees under A.R.S. § 12-341.01, the Court finds that the purpose of the statute is similarly furthered by including in an award the reasonable time to prepare a reply. *See Ad Hoc Comm. of Parishioners of Our Lady of Sun Cath. Church, Inc. v. Reiss*, 224 P.3d 1002, 1015 (Ariz. Ct. App. 2010) ("A trial court has broad discretion to grant or deny an award of attorneys' fees in a contract action."). As such, the Court analyzed Defendant's time entries for preparing the reply for reasonableness and found them to be reasonable. Defendant spent 8.4 hours on the reply. Defendant "no charged" multiple time entries. Many of the hours charged were by a paralegal and the rest were by a senior associate. The Court reduced .4 hours for the purely clerical tasks of scheduling and calendaring, as discussed above. Those itemized reductions are reflected in the spreadsheet below in Appendix A.

### d. Costs

Defendant seeks $1,481.61 in costs. Defendant complied with Local Rule 54.1 in filing a bill of costs on a form provided by the Clerk within fourteen days from the entry of final judgment. (Doc. 87). Defendant also submitted the required memorandum of the costs and necessary disbursements, itemized so that the nature of each could be readily understood. (Doc. 88). Per the Local Rule, the bill of costs will be addressed by the Clerk of the Court.

### III. CONCLUSION

The Court awards Defendant attorneys' fees and costs totaling **$64,376.00**. The Court itemized its reductions to the fee award in the spreadsheet attached as an appendix to this Order.

For the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion for Attorneys' Fees (Doc. 90) is **GRANTED** to the limited extent that Defendant is awarded **$64,376.00** in attorneys' fees.

**IT IS FURTHER ORDERED** that to the extent Doc. 90 also contains a request for costs, that request is denied as duplicative of the bill of costs which will be processed in due course by the Clerk of the Court consistent with Local Rule Civil 54.1.

Dated this 4th day of October, 2024.

_James A. Teilborg_
Senior United States District Judge

**Attached: APPENDIX A**

*Underlined portion indicates the portion the Court finds issue with
*If a clerical task was included in a list that included non-clerical tasks and the entire entry was for .1 hours, the lowest billing unit possible, the Court did not make a reduction.
| Date | User | Description | Hours | Rate ($) | Billable ($) | Court's basis for reduction | Reduction (hours) | Overall Reduction ($) |
|---|---|---|---|---|---|---|---|---|
| 3/2/2023 | C.M. | Conference with D. Degnan Re: Terms of Fee Agreement; Draft Fee Agreement; Open file in P:/Drive; Create new matter in Clio including Clio Connect; Email to Client Re: Same | 1.00 | $ 75.00 | $ 75.00 | Task does not involve legal skill. Purely clerical / secretarial activity. | 0.10 | $ 7.50 |
| 3/10/2023 | K.B. | Review Superior Court Docket; confer with M. Horne and J. Fouts re: Order to Show Cause Hearing; calendar same | 0.20 | $ 225.00 | $ 45.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 22.50 |
| 3/13/2023 | S.S. | Finalized Cease and Desist Demand Letter; emailed Cease and Desist Demand Letter to opposing counsel; calendared deadline to receive contractual documents from opposing counsel; email to client regarding same | 0.90 | $ 195.00 | $ 175.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 3/14/2023 | K.B. | Confer with M. Horne re: deadline to file Notice of Removal with Federal Court and need to pull all Superior Court documents | 0.20 | $ 225.00 | $ 45.00 | Reduced by .1 hours to match entry by Mark Horne for same conference. | 0.10 | $ 22.50 |
| 3/14/2023 | S.S. | Pulled copies of pleadings from eAccess Superior Court website and processed payment | 0.50 | $ 195.00 | $ 97.50 | Task does not involve legal skill. Purely clerical / secretarial activity. | 0.50 | $ 97.50 |
| 3/21/2023 | M.M. | Meet with attorney M. Horne regarding Order to Show Cause hearing set for Friday 3/24 (.1); conference call to judge's assistant to verify Order to Show Cause Hearing has been vacated (.1); update calendar to reflect same (.1) | 0.30 | $ 195.00 | $ 58.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 3/23/2023 | K.B. | Email from opposing counsel approving Stipulation and Proposed Order for Extension of Time (.1); revise and finalize Stipulation and Order (.2); file Stipulation and Order with Court (.1); email copy of filed Stipulation and Order to opposing counsel, chambers for Judge Rayes and client (.1) | 0.50 | $ 225.00 | $ 112.50 | Unclear what counsel actually did with regard to email from opposing counsel. | 0.10 | $ 22.50 |
| 3/24/2023 | K.B. | Confer with M. Horne and J. Fouts re: deadline for Response to Temporary Restraining Order; review Local Arizona Federal Rules and calendar same | 0.20 | $ 225.00 | $ 45.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 22.50 |
| 4/5/2023 | K.B. | Confer with M. Horne re: revisions to Motion to Dismiss and Certificate of Good Faith (.1); revise and finalize Motion and Certificate and file with Federal Court via ECF (.3); email copies of filed documents to opposing counsel and client and calendar response deadline (.1) | 0.50 | $ 225.00 | $ 112.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 22.50 |

| Date | Initials | Description | Hours | Rate | Amount | Note | Hours | Amount |
|---|---|---|---|---|---|---|---|---|
| 6/16/2023 | S.S. | Confer with attorney J. Fouts regarding the Court's Order regarding the Motion to Dismiss and the Court's Order setting Rule 16 Conference; calendared Answer deadline; calendared deadline to file Motion for Reconsideration; calendared Rule 16 Conference and other deadlines contained in the Court's Order | 0.60 | $ 195.00 | $ 117.00 | Calendaring activities is clerical / secretarial activity. | 0.30 | $ 58.50 |
| 6/22/2023 | M.M. | Conference call with client to set meeting with attorney J. Fouts regarding Answer and other deadlines; calendar same | 0.20 | $ 195.00 | $ 39.00 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.20 | $ 39.00 |
| 6/29/2023 | K.B. | Telephone call to client to set conference call with M. Horne re: Answer review | 0.10 | $ 225.00 | $ 22.50 | Scheduling is clerical / secretarial activity. | 0.10 | $ 22.50 |
| 7/21/2023 | S.S. | Confer with attorney J. Fouts regarding the deadlines in the Scheduling Order; updated calendar information regarding deadlines | 0.30 | $ 195.00 | $ 58.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 7/31/2023 | S.S. | Conferred with attorney J. Fouts regarding Disclosure Statement; Revised and finalized Notice of Service of Defendant's Rule 26(A) Initial Disclosure Statement and Defendant's Rule 26(A) Initial Disclosure Statement; bates labeled exhibit; filed Notice of Service of Defendant's Rule 26(A) Initial Disclosure Statement; email to opposing counsel regarding same; email to client regarding same | 1.10 | $ 195.00 | $ 214.50 | Bates labeling documents is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 8/3/2023 | S.S. | Revised and finalized settlement letter; email to opposing counsel regarding same; email to client regarding same; calendared response deadline | 0.50 | $ 195.00 | $ 97.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 9/7/2023 | S.S. | Confer with attorney J. Fouts regarding scheduling a call with client; email correspondence with client regarding same; calendared appointment | 0.30 | $ 195.00 | $ 58.50 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.30 | $ 58.50 |
| 9/27/2023 | S.S. | Email correspondence with client regarding scheduling conference call with attorney J. Fouts; calendared same | 0.20 | $ 195.00 | $ 39.00 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.20 | $ 39.00 |
| 10/3/2023 | J.F. | (JF) Receive and review letter client sent to Allied Universal regarding hostile work environment issues; draft email to client setting up call to discuss same | 0.20 | $ 325.00 | $ 65.00 | Scheduling is clerical / secretarial activity. | 0.10 | $ 32.50 |
| 10/4/2023 | S.S. | Email correspondence with client regarding possible deposition dates; updated calendar; email to opposing counsel regarding same | 0.10 | $ 195.00 | $ 19.50 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 10/12/2023 | S.S. | Telephone call from client regarding Discovery Responses; created dropbox link and emailed link to client | 0.30 | $ 195.00 | $ 58.50 | Creating Dropbox link and sending to client does not require legal skill. Purely clerical / secretarial activity. | 0.10 | $ 19.50 |
| 11/13/2023 | D.D. | (DD) Review Discovery Dispute; conference with J. Fouts re: scheduling our own Discovery Dispute | 0.30 | $ 500.00 | $ 150.00 | Scheduling is clerical / secretarial activity. | 0.10 | $ 50.00 |

| Date | Initials | Description | Hours | Rate | Amount | Objection | Adj. Hours | Adj. Amount |
|---|---|---|---|---|---|---|---|---|
| 11/20/2023 | S.S. | Conference with attorney J. Fouts regarding finalizing and sending letters (.1); finalized letters to opposing counsel (.3); emailed letters to opposing counsel (.1); emailed letters to client (.1); calendared deadline to receive contract and resources from opposing counsel (.1) | 0.70 | $ 195.00 | $ 136.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 12/18/2023 | S.S. | Conference with attorney J. Fouts regarding Discovery Dispute (.1); calendared internal deadline to file same (.1) | 0.20 | $ 195.00 | $ 39.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 12/19/2023 | S.S. | Reviewed and saved Order entered by the Court regarding Joint Discovery Request (.1); conference with attorney J. Fouts regarding same (.2); email to client regarding same (.1); calendared deadlines (.1) | 0.50 | $ 195.00 | $ 97.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 12/27/2023 | S.S. | Reviewed email from client regarding scheduling a call with attorney J. Fouts (.1); conference with attorney J. Fouts regarding same (.1); email correspondence with client regarding scheduling a conference call with attorney J. Fouts (.1); calendared conference call | 0.40 | $ 195.00 | $ 78.00 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.40 | $ 78.00 |
| 12/28/2023 | S.S. | Reviewed and saved Subpoena's received from opposing counsel (.2); conferences with attorney J. Fouts regarding same (.2); email correspondence with client regarding same (.2); calendared objection deadline (.1) | 0.70 | $ 195.00 | $ 136.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 1/2/2024 | S.S. | Email correspondence with opposing counsel regarding scheduling a call with attorney J. Fouts regarding Subpoenas (.2); conference with attorney J. Fouts regarding same (.2); email to opposing counsel regarding scheduling a conference call with attorney J. Fouts (.1) | 0.50 | $ 195.00 | $ 97.50 | Scheduling is clerical / secretarial activity. | 0.50 | $ 97.50 |
| 1/5/2024 | S.S. | Conference with attorney J. Fouts regarding possible deposition date for client (.1); placed a hold on the calendar regarding same (.1) | 0.20 | $ 195.00 | $ 39.00 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.20 | $ 39.00 |
| 1/8/2024 | S.S. | Calendared deadline for opposing counsel regarding Discovery Dispute | 0.10 | $ 195.00 | $ 19.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 1/9/2024 | S.S. | Conference with attorney J. Fouts regarding depositions of Ace Building Maintenance Company and Restoration HQ (.1); calendared same (.1) | 0.20 | $ 195.00 | $ 39.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 1/15/2024 | S.S. | Conference with attorney J. Fouts regarding email from opposing counsel (.1); calendared response deadline (.1) | 0.20 | $ 195.00 | $ 39.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |

| Date | Initials | Description | Hours | Rate | Amount | Notes | Hours | Amount |
|---|---|---|---|---|---|---|---|---|
| 1/16/2024 | S.S. | Finalized Defendant's First Request for Admissions to Plaintiffs, Defendant's First Request for Production of Documents to Plaintiffs and Defendant's First Request for Non-Uniform Interrogatories (.3); finalized and filed Notice of Service of Defendant's Discovery Requests to Plaintiffs (.3); email to opposing counsel regarding same (.1); email to client regarding same (.1); <u>calendared response deadline (.1)</u> | 0.90 | $ 195.00 | $ 175.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 1/18/2024 | S.S. | <u>Calendared deadline to produce all documents or information per Court's Order</u> | 0.10 | $ 195.00 | $ 19.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 1/18/2024 | S.S. | Conference with attorney J. Fouts <u>regarding scheduling a call with client</u> (.1); email correspondence with client <u>regarding same</u> (.1); <u>calendared conference call (.1)</u> | 0.30 | $ 195.00 | $ 58.50 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.30 | $ 58.50 |
| 1/19/2024 | S.S. | Email to client regarding Notice of Deposition (.1); <u>calendared deposition (.1)</u> | 0.20 | $ 195.00 | $ 39.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 1/25/2024 | S.S. | Telephone call from client (.1); conference with attorney J. Fouts regarding same (.1); telephone call to client (.1); <u>calendared conference call between client and attorney J. Fouts (.1)</u> | 0.40 | $ 195.00 | $ 78.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 1/31/2024 | S.S. | Finalized Defendant's First Supplemental Response to Plaintiffs' First Set of Requests for Production of Documents and Defendant's First Supplemental Response to Plaintiffs' First Set of Interrogatories (.1); finalized Notice of Service of Defendant's First Supplemental Response to Plaintiffs' First Set of Requests for Production of Documents and Defendant's First Supplemental Response to Plaintiffs' First Set of Interrogatories (.1); <u>bates labeled exhibits to Defendant's First Supplemental Response to Plaintiffs' First Set of Request for Production of Documents (.2); created dropbox link for exhibits (.2)</u> | 0.60 | $ 195.00 | $ 117.00 | Bates labeling documents is clerical / secretarial activity. Creating Dropbox link does not require legal skill. Purely clerical / secretarial activity. | 0.40 | $ 78.00 |
| 1/31/2024 | S.S. | Reviewed, revised and finalized Defendant's First Supplemental Disclosure Statement (.5); <u>bates labeled exhibits (.2); created dropbox link for exhibits (.2)</u>; prepared Notice of Service of Defendant's First Supplemental Disclosure Statement | 0.60 | $ 195.00 | $ 117.00 | Bates labeling documents is clerical / secretarial activity. Creating Dropbox link does not require legal skill. Clerical / secretarial activity. | 0.40 | $ 78.00 |
| 2/13/2024 | S.S. | Email correspondence with client <u>regarding scheduling conference call with attorney J. Fouts</u> (.1); confer with attorney J. Fouts <u>regarding same</u> (.1); <u>calendared conference call (.1)</u> | 0.30 | $ 195.00 | $ 58.50 | Scheduling activities is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.30 | $ 58.50 |

| Date | Initials | Description | Hours | Rate | Amount | Notes | Adj. Hours | Adj. Amount |
|---|---|---|---|---|---|---|---|---|
| 3/4/2024 | S.S. | Email correspondence with client regarding scheduling a time to come to the office and review Motion for Summary Judgment (.2); calendared same (.1) | 0.30 | $ 195.00 | $ 58.50 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.30 | $ 58.50 |
| 3/4/2024 | S.S. | Confer with J. Fouts regarding deadline to send any deposition changes to the court reporter (.2); calendared deadline (.1) | 0.30 | $ 195.00 | $ 58.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 3/5/2024 | S.S. | Confer with J. Fouts regarding copies of filed documents 1 and 2 (.1); accessed Court Docket; downloaded and saved copies of same (.2) | 0.30 | $ 195.00 | $ 58.50 | Document organization, such as downloading and saving, is a clerical / secretarial activity. | 0.20 | $ 39.00 |
| 3/6/2024 | S.S. | Email correspondence with Judge's Judicial Assistant regarding hand delivering a courtesy copy of Motion for Summary Judgment (.2); confer with attorney J. Fouts regarding same (.1); pulled and saved file stamped copy of Motion for Summary Judgment and Exhibits from Court's electronic filing website (.1); prepared instructions to courier to hand deliver a copy of Motion for Summary Judgment to the Judge's chambers (.1) | 0.50 | $ 195.00 | $ 97.50 | Document organization, such as downloading and saving, is a clerical / secretarial activity. | 0.10 | $ 19.50 |
| 3/11/2024 | S.S. | Confer with J. Fouts regarding response deadline to Motion for Summary Judgment (.1); re-calendared deadline (.1) | 0.20 | $ 195.00 | $ 39.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 4/15/2024 | S.S. | Reviewed email from J. Fouts to opposing counsel regarding counteroffer (.1); calendared response deadline (.1) | 0.20 | $ 195.00 | $ 39.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 4/22/2024 | S.S. | Email correspondence with client regarding scheduling a conference call with J. Fouts (.1); calendared same (.1) | 0.20 | $ 195.00 | $ 39.00 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.20 | $ 39.00 |
| 6/7/2024 | S.S. | Confer with J. Fouts regarding the Court's ruling on our Motion for Summary Judgment (.1); reviewed ruling from the Court (.1); calendared deadline to file motion for fees (.1) | 0.30 | $ 195.00 | $ 58.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 6/10/2024 | S.S. | Telephone call from client regarding scheduling conference call with J. Fouts (.1); calendared same (.1) | 0.20 | $ 195.00 | $ 39.00 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.20 | $ 39.00 |
| 6/21/2024 | S.S. | Calendared Meet and Confer regarding attorneys' fees | 0.10 | $ 195.00 | $ 19.50 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| **Below entries are time spent preparing the reply** | | | | | | | | |
| 7/12/2024 | S.S. | Reviewed and saved Stipulation for Extension of Time to Respond to Defendant's Motion for Award of Attorneys' Fees, Taxable and Non-Taxable Expenses filed by opposing counsel and calendared deadline | 0.20 | $ 195.00 | $ 39.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |
| 7/23/2024 | S.S. | Reviewed and saved Plaintiffs' Response in Opposition to Defendant's Motion for Award of Attorneys' Fees, Taxable and Non-Taxable Expenses along with the Exhibit (.2); email to client regarding same (.1); calendared deadline to file Reply (.1) | 0.40 | $ 195.00 | $ 78.00 | Calendaring activities is clerical / secretarial activity. | 0.10 | $ 19.50 |

| 7/24/2024 | S.S. | Email correspondence with client regarding scheduling call with J. Fouts (.1); calendared same (.1) | 0.20 | $ 195.00 | $ 39.00 | Scheduling is clerical / secretarial activity. Calendaring activities is clerical / secretarial activity. | 0.20 | $ 39.00 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | **Total Reductions** | | **$ 1,726.50** |

| | | | |
|---|---|---|---|
| | **Requested Fees** | $ | 64,067.00 |
| + | **Requested Fees for time spent preparing reply** | $ | 2,035.50 |
| = | **Requested Fees (Total)** | **$** | **66,102.50** |
| - | **Reductions (Total)** | $ | 1,726.50 |
| = | **Total Attorneys' Fees Award (fees minus reduction)** | **$** | **64,376.00** |